GUARANTY TRUST CO. OF NEW YORK v. METROPOLITAN ST. RY. CO. et al.

(Circuit Court, S. D. New York. May 14, 1909.)

COURTS (§ 116*)—RECORD—AMENDMENT.

    A motion for the nunc pro tunc amendment of the record in an equity cause for purposes of appeal overruled as unnecessary to save any rights of the moving party.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 116.*]

In Equity. On motion to amend record in a foreclosure suit.
For other opinions, see 166 Fed. 569; 168 Fed. 937; 170 Fed. 626.

Julian T. Davies, for Guaranty Trust Co.
Bronson Winthrop, for Morton Trust Co.
Arthur H. Masten, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge. The complainant moves to amend the record of the cause: (1) By filing as part thereof nunc pro tunc as of March 3, 1909, the form of proposed decree submitted by the complainant to the court on that day. (2) By filing as part of the record in the cause nunc pro tunc as of March 13, 1909, the memorandum submitted by the complainant to the court on that day. Also to amend the decree: (3) By inserting nunc pro tunc as of March 18, 1909, in article 7 thereof, at the end of subdivision 2, the statement that an objection of the complainant, to the effect that by the terms of the decree complainant is deprived of its property without due process of law, was overruled. (4) By inserting nunc pro tunc as of March 18, 1909, in paragraph 10 thereof, a like statement of the overruling of a similar objection.

1. If the suggestions of complainant as to the form of decree were to be incorporated, the suggestions of all other parties as to such form should also be inserted. The result would be a confused mass of pro-

posals and counter proposals, all preliminary to the decree, and which would tend only to embarrass and confuse the appeal court. There is no necessity for thus incumbering the record. The assignments of error will point out whatever sins of omission or commission there may be in the decree, and all errors of every sort will be properly before the Circuit Court of Appeals for correction.

2. The "memorandum" is in substance merely a statement of the reasons why, in the opinion of complainant, a certain clause in the decree was objectionable. The objection can be perfectly well expressed in an assignment of error, and the reasons stated upon argument in support of it.

3 and 4. The proposed amendments, if inserted, would make the decree even more obnoxious than it now is to the requirements of the 36th equity rule. They are wholly unnecessary to save any rights of complainant. Upon appeal the reviewing court can dispose of all questions presented by the assignments of error, including those which concern constitutional provisions. It is not necessary, in order to present such questions that some formal exception be reserved, as in the case of a jury trial.

The motion is denied.